**TEXPORTS STEVEDORE COMPANY, INC., Petitioner,**

v.

**SECRETARY OF LABOR, U. S. DEPARTMENT OF LABOR, and Occupational Safety and Health Review Commission, Respondents.**

No. 73-1620
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1973.

Rehearing and Rehearing En Banc
Denied Nov. 13, 1973.

Neil Martin, Owen W. Cecil, Houston, Tex., for petitioner.

William S. McLaughlin, Executive Sec., Occupational Safety & Health Review Commission, Washington, D. C., Major J. Parmenter, Regional Sol., U. S. Dept. of Labor, Dallas, Tex., Jean A.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Staudt, Walter H. Fleischer, Dept. of Justice, Washington, D. C., for respondents.

David H. Burrow, Houston, Tex., for other interested parties.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Texports Stevedore Company, Inc. seeks a review of the Occupational Safety and Health Review Commission's determination that Texports violated the Occupational Safety and Health Act of 1970, 29 U.S.C.A. 651 et seq., by failing to take the necessary precautions to prevent cargo from falling during unloading.

In June, 1971, the cargo barge MBL 880 was tied alongside the vessel SUCRE in the Houston, Texas Ship Channel. The barge was loaded with rectangular bales of pulp wood, consisting of eight bundles banded together, weighing approximately 4,200 pounds. They were stacked in tiers two bales high with open areas of 15 feet in the fore and aft ends of the barge to accommodate a fork lift truck used in the unloading operation.

Texports' stevedoring superintendent made a two minute inspection of the cargo by standing on the deck of the SUCRE and looking down about 12 feet through the hatch of the barge where he could see 12 bales on the top tier. He determined that the bales were not leaning. None of the dunnage was visible to the Superintendent.

Four stevedores began the unloading operation in the after end of the barge. When the bales were being unloaded from the top tier, one of the blades of the fork lift went under the metal band around a bale while the other blade went outside of the band, causing the bale to fall upon and disable the fork lift. No one was hurt at that time.

Mechanic Quinn, who was called to repair the fork lift, climbed down into the barge and while he was engaged in the repair work, a bale from the upper tier fell down and severely injured him. Tug boats had passed by in the channel and may have rocked the barge during the unloading process. After the stevedores had left the after end of the barge, another bale fell from the top tier.

Inspections by OSHA officials following the accident disclosed that the bales of cargo were leaning and were not interlocked. Moreover, the dunnage was short and no dunnage had been used to stabilize the top layer.

Texports was cited by the Secretary of Labor for a serious violation of the Act for failing to comply with the provisions of 29 C.F.R. 1918.83(b) which required it to take sufficient precautions when necessary to prevent the remaining cargo from falling.[1] After a hearing, Texports was found guilty and assessed a penalty of $800.00. The Review Commission, one Commissioner dissenting, affirmed and this petition for review ensued.

The entire thrust of petitioner's argument is that the after-the-fact observations and investigation made by the OSHA officials, being contrary to the testimony of the Superintendent, crew members and Quinn, should not be given any weight. We reject this argument.

The cursory look through the open hatch of the SUCRE from 12 feet above by the Superintendent cannot be dignified as an inspection. Equally unimpressive is the crew members' testimony that the tiers appeared to be straight. They neither *inspected* them nor were

---

1. The Regulation provides: "In breaking down, precautions shall be taken, when necessary, to prevent the remaining cargo from falling."

A "serious" violation under the Act is "deemed to exist . . . if there is a substantial probability that death or serious physical harm could result from a condition which exists . . . unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." 29 U.S.C.A. § 666(j).

they under any obligation to do so. Moreover, it is undisputed that three bales fell, that the dunnage was short and that no dunnage was used on the top tier. The inspection and photographs taken after the accident disclosed that the stacks of bales were leaning and, since the cargo was untouched by either the employer or employees from the time the first bale fell to the time when the inspection was made, the unsafe condition of the cargo was known or should have been known by Texports.

Finally, we are at a loss to understand Texports' argument that tugs passing in the Channel may have rocked the barge and dislodged the bales. Surely it cannot be seriously contended that this was an unexpected, untoward incident.

After a careful review of the record we are convinced that the findings of the Commission are based upon substantial evidence viewed as a whole, taking into consideration the evidence against the Commission's view. The petition for review is therefore denied.

Denied.